# IN THE COURT OF APPEALS OF IOWA

No. 16-1730
Filed September 27, 2017

**FIRAS RABI, M.D.,**
    Petitioner-Appellant,

**vs.**

**IOWA BOARD OF MEDICINE,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Firas Rabi appeals a district court order affirming an administrative decision by the Iowa Board of Medicine.  **AFFIRMED.**

Michael M. Sellers of Sellers, Galenbeck & Nelson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Julie J. Bussanmas, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Firas Rabi, M.D., appeals a district court order denying him relief in relation to his application for judicial review of a disciplinary decision rendered by the Iowa Board of Medicine (Board). Rabi contends (1) the Board exceeded its statutory authority in disciplining him under its administrative sexual-harassment rule, (2) the evidence does not support the Board's findings that he violated the sexual-harassment rule, and (3) the Board exceeded its statutory authority in disciplining him for unprofessional or unethical conduct. We affirm.

## I.  Background Facts and Proceedings

In July 2006, Rabi began a three-year fellowship in the pediatric intensive care unit of the University of Iowa Hospitals and Clinics. After he completed his fellowship, he worked at the hospital as a general pediatric hospitalist, a contract position, with intentions of returning to the pediatric intensive care unit. When Rabi applied for a permanent position in the unit in 2010, a unit nurse made allegations of inappropriate behavior against him and enlisted other staff members to forward similar allegations based on their exchanges with him. The hospital investigated the allegations and, on June 18, 2010, concluded "[t]he evidence produced during the investigation [did] provide a reasonable basis to believe the Policy on Sexual Harassment ha[d] been violated." Rabi was placed on administrative leave and advised his contract with the hospital would not be renewed and would terminate effective September 30, 2010. Rabi reported the situation to the Board in July 2010.

Based on Rabi's self-report, the Board initiated its own investigation into the matter and, on March 6, 2014, filed a statement of charges against Rabi,

charging him with (1) sexual harassment pursuant to Iowa Code section 148.6(2)(i) (2014) and Iowa Administrative Code rules 653-13.7(6) and -23.1(10); (2) unethical or unprofessional conduct pursuant to Iowa Code sections 147.55(3) and 272C.10(3) and Iowa Administrative Code rule 653-23.1(4); and (3) practice harmful or detrimental to the public pursuant to Iowa Code sections 147.55(3) and 272C.10(3) and Iowa Administrative Code rule 653-23.1(3).

In February 2016, the Board concluded Rabi violated the rules prohibiting sexual harassment and unprofessional conduct but not the rule prohibiting practices harmful to the public. The Board, among other things, suspended Rabi's license to practice medicine indefinitely and imposed a civil penalty of $10,000. Rabi filed a petition for judicial review pursuant to Iowa Code section 17A.19 in the district court arguing, among other things, the Board exceeded its authority in disciplining him. In a thorough ruling, the district court affirmed the Board's decision in September 2016. Rabi appealed.

## II.     Standard of Review

Iowa Code chapter 17A governs judicial review of the actions of the Board. *See* Iowa Code § 148.7(9). "On appeal, our sole task is to correct legal error, if any, affecting the [Board's] decision." *Boswell v. Iowa Bd. of Veterinary Med.*, 477 N.W.2d 366, 367 (Iowa 1991).

## III.    Analysis

Rabi first argues Iowa Code section 272C.1(4) limits "licensee discipline" to situations in which the discipline would protect patients and, as such, Iowa Code section 17A.23(3) limits the Board's rulemaking authority to that which would protect patients, not coworkers in an employment setting. According to

Rabi, because Iowa Administrative Code rule 653-13.7(6), which prohibits a physician from engaging in sexual harassment, protects individuals other than patients, the rule "is outside of the [Board's] authority." He argues because the Board concluded he did not engage in conduct harmful or detrimental to the public, *i.e.* patients, the Board had no authority to discipline him under its rules relating to sexual harassment. In sum, he argues "[t]he nurses and co-workers who are considered to be [his] victims . . . do not fall within the [Board's] sphere of protection."

Rabi is correct that (1) "[a]n agency shall have only that authority or discretion delegated to or conferred upon [it] by law and shall not expand or enlarge its authority or discretion beyond the powers delegated to or conferred upon [it]" and (2) "[u]nless otherwise specifically provided in statute, a grant of rulemaking authority shall be construed narrowly." Iowa Code § 17A.23(3). However, the Board's disciplinary and rulemaking authority is not limited to that which is authorized in section 272C.1(4), as Rabi implies. Rather, the Board's disciplinary authority and promulgation powers are provided for in a number of statutes.

Iowa Code section 272C.1(4) defines "licensee discipline" as "any sanction a licensing board may impose upon its licensees for conduct which threatens or denies citizens of this state a high standard of professional or occupational care." In addition, the Board has been authorized by the legislature to "[d]efine by rule acts or omissions that are grounds for revocation or suspension of a license under section . . . 148.6." *Id.* § 272C.4(6). Section 148.6(1) allows a licensing board "to discipline a licensee for any of the grounds

set forth in section 147.55, chapter 272C," or section 148.6. Specifically, the Board may impose discipline upon "the committing by a physician of an act contrary to honesty . . . or good morals, *whether the same is committed in the course of the physician's practice or otherwise*." *Id.* § 148.6(2)(g) (emphasis added). Also punishable by the Board is a licensee's "[w]illful or repeated violation of lawful rule or regulation adopted by the board." *Id.* § 148.6(2)(i). The Board also has statutory authority to discipline a physician for "engaging in unethical conduct or practice harmful or detrimental to the public"—"[p]roof of actual injury need not be established" for such discipline to be lawful. *Id.* §§ 147.55(3), 272C.10(3).

The Board's sexual harassment rule provides: "A physician shall not engage in sexual harassment. Sexual harassment is defined as verbal or physical conduct of a sexual nature *which interferes with another healthcare worker's performance* or creates an intimidating, hostile or offensive work environment." Iowa Admin. Code r. 653-13.7(6) (emphasis added). As noted above, Rabi argues this rule protects individuals other than patients and, because the Board concluded he did not engage in conduct harmful or detrimental to the public, the Board exceeded its statutory authority in disciplining him under the rule.

The rule's plain language makes clear that its primary purpose is to protect patients by safeguarding the integrity of the performance of healthcare workers. The Board is not limited to disciplining licensees for conduct that is actually detrimental to the public but is allowed to discipline licensees for conduct potentially detrimental to the public. *See* Iowa Code §§ 147.55(3) (stating

"[p]roof of actual injury need not be established" for discipline relating to "unethical conduct or practice harmful or detrimental to the public"); 272C.1(4) (allowing discipline for "conduct which *threatens* . . . a high standard of professional or occupational care" (emphasis added)); 272C.10(3) (repeating "[p]roof of actual injury need not be established" for discipline relating to "unethical conduct or practice harmful or detrimental to the public"). We conclude the Board was within its statutory authority to promulgate rule 653-13.7(6) and to discipline Rabi pursuant to that rule.

Rabi also challenges the findings of the Board and district court that he violated the Board's sexual harassment rule. This argument, however, is also grounded in the Board's finding that he did not engage in conduct harmful or detrimental to the public. As noted above, actual harm to the public is not required, as "conduct which *threatens* . . . a high standard of professional or occupational care" is sufficient. *Id.* § 272C.1(4) (emphasis added). Conduct "which interferes with another healthcare worker's performance," Iowa Admin. Code r. 653-13.7(6), could quite obviously threaten the level of care provided in healthcare facilities. Rabi further argues his conduct did not actually interfere with other healthcare workers' performance. Although the details of his conduct need not be expressed here, the record reveals Rabi engaged in a pattern of sexually-predatory behavior in the workplace that caused discomfort and problematic work relationships. It is obvious that such tensions in the workplace can interfere with job performance, especially in settings where teamwork and collegiality are necessities, such as a pediatric intensive care unit in a hospital. We affirm the district court's conclusion that the environment Rabi created in the

hospital could have potentially impacted patient care and the Board was therefore warranted in disciplining Rabi under its sexual-harassment rule.

Rabi additionally argues the district court read Iowa Code section 148.6(2)(g)[1] too broadly in affirming the Board's decision that he engaged in unethical or unprofessional conduct. He also argues discipline under section 148.6(2)(g) should be limited to licensee actions that "deny citizens of this state a high standard of professional care." Based on the foregoing analysis, the plain language of section 148.6(2)(g) and administrative rule 563-23.1(4), and the district court's application of the same, we affirm the district court's decision on these final issues without further opinion. Finally, we do not consider the arguments Rabi raises for the first time in this appeal in his reply brief. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992) ("[A]n issue cannot be asserted for the first time in a reply brief.").

**AFFIRMED.**

---

[1] Rabi also argues on appeal that section 148.6(2)(g) is vague and, therefore, unenforceable. Because Rabi did not specifically argue to the district court that this statute is unenforceable, he failed to preserve error on the issue, and we do not consider the argument. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").